# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ALFREDA DENISE WILLIAMS,

      *Plaintiff*,

      v.

EILEEN MARIE WILLIAMS,

      *Defendant*.

Civil Action No. 25 - 4228 (UNA)

## MEMORANDUM OPINION

Before the court is Plaintiff Aldreda Denis Williams's complaint, ECF No. 1, and motion to proceed *in forma pauperis*, ECF No. 2. The court will grant the application to proceed *in forma pauperis* and dismiss the complaint for lack of subject-matter jurisdiction.

"Federal courts are courts of limited jurisdiction," and it is generally presumed that "a cause lies outside [of] this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "a district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed. R. Civ. P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction." *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at \*1 (D.C. Cir. Apr. 2, 2010) (per curiam); *see Page v. Trump*, No. 24-CV-670, 2024 WL 3534752, at \*1 (D.D.C. July 25, 2024); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff resides at the Patricia Handy Place for Women in Washington, D.C. ECF No. 1, at 7. She alleges that Defendant Eileen Williams has caused her to be sexually assaulted in her sleep by other men, and that Defendant too has assaulted her. *Id.* at 7-8. Plaintiff further alleges

that Defendant implanted fifteen electronic chips or devices in her so that "Black Races groups" could "hack by connecting to the wifi devices instead of [her]." *Id.* Nowhere in her complaint does Plaintiff indicate a basis for this court to exercise jurisdiction over her case. Both Plaintiff and Defendant are listed as residing in the District of Columbia, *id.* at 2-3, so the court cannot exercise jurisdiction pursuant to 28 U.S.C. § 1332. And Plaintiff does not argue that there is federal-question jurisdiction, nor does she list any federal statutes, treaties, or provisions of the United States Constitution at issue in her case. ECF No. 1, at 3.

The court thus concludes that it lacks subject-matter jurisdiction over Plaintiff's case. The court will accordingly grant Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, and dismiss her complaint, ECF No. 1, without prejudice.

_____
LOREN L. ALIKHAN
United States District Judge

Date: February 9, 2026

2